## BURNAP vs. ROBERTSON.

If the maker of a note induced the payee to extend the time of payment and receive a mortgage to secure the claim by fraudulently representing that a prior mortgage on the property had been discharged, upon the discovery of such fraud, the creditor could have rescinded the agreement and returned the mortgage; but if he failed so to do, and instead retained the mortgage, and waited until the maker's property had been sold under the prior liens thereon, this would operate to discharge a surety or accommodation indorser, and the creditor could not recover from such surety or indorser, on the ground that the agreement with the principal was induced by fraud and was without consideration.

December 15, 1885.

Fraud. Principal and Surety. Endorsement. Waiver. Consideration. Before Judge BRANHAM. Polk Superior Court. February Term, 1885.

Reported in the decision.

I. F. THOMPSON; E. N. BROYLES, for plaintiff in error.

W. P. McCLATCHEY; J. W. H. UNDERWOOD, for defendant.

BLANDFORD, Justice.

This was an action brought to the August term, 1880, of Polk superior court, upon a note for $2,345.00, dated December 11, 1875, and due 25th November, 1876, made by J. O. Waddell, endorsed by James D. Waddell and James W. Robertson.

Robertson pleaded to the action that he was an accommodation indorser, and was liable only as a surety;

v 75-44

that the plaintiff, without his knowledge or consent, in April, 1878, took from J. O. Waddell a mortgage on certain lands to secure the payment of this note, and extended the time of payment thereof, one-half to the 25th of November, 1878, and the other half to 25th November, 1879; wherefore he says he is discharged as surety on this note.

To this plea the plaintiff replied: 1st. That Robertson gave his consent that plaintiff might take the mortgage from J. O. Waddell and extend the time of payment of the note, and that he afterwards ratified the same. 2nd. If no such consent was given or ratification made by Robertson, that the agreement to extend the time of payment of the note was without consideration and void, because of the fraud of J. O. Waddell in this, that he induced plaintiff to take the mortgage and extend the time of payment of the note by fraudulently telling plaintiff that a prior mortgage on the same property, given by him to one Peck for nine thousand dollars, had been delivered up to him, Waddell, and was not in the way of the mortgage given by Waddell to plaintiff, when in fact it had been assigned to Mrs. Waddell, wife of J. O. Waddell, and that it sold the land upon foreclosure, and received the money from said sale; wherefore the plaintiff contends that said Robertson is not discharged from his liability as endorser on said note sued on.

As to the first point insisted on by the plaintiff, that Robertson consented to the taking of the mortgage and extension of the time of payment of the note, there was much evidence submitted by the parties, which was conflicting in its character, and they were squarely at issue on this point. The court fairly submitted this point to the jury in his charge, and we do not understand that there is any complaint as to it.

The second point forms the ground of the main contest here. There does not seem to be any conflict in the testimony on this ground, the testimony being that of the plaintiff himself, who was introduced by the defendant as

a witness, and his testimony shows all about the taking of the mortgage from J. O. Waddell, and extending the time of payment of the note, and the fraudulent representations of Waddell to induce him to enter into this arrangement. It also shows that he discovered this fraud in July, 1878, after the mortgage was given, and thit he never tendered the mortgage back to Waddell, or did anything to rescind the arrangement or to do away with it after he discovered the fraud, but held on to the mortgage until Waddell's property had been sold in June, 1880, under prior liens and encumbrances, when he brought this action to the August term, 1880, to collect the amount due on this note. If there was a fraud practiced by Waddell on the plaintiff to procure the mortgage and extension of time on the note, when plaintiff discovered the fraud, he should have rescinded the contract or offered to have done so; not having done so, will authorize the conclusion that plaintiff held Waddell bound by the contract, which he had the right to do; so that, as to Robertson, it is the same as if there had been no fraud perpetrated by Waddell on plaintiff. This act of plaintiff discharged the surety. Code, §§2153, 2150, 2154.

While the contract to give time might have been avoided by plaintiff on account of the fraud practiced on him by Waddell, yet the same was not done, and if he chose to let the contract stand, then the consideration of the same was sufficient to support the contract for the extension of time of payment on the note, as he might have realized something on the mortgage, or so thought, notwithstanding older mortgage liens; and the conduct of the plaintiff looks this way, by his taking no action until all the property was sold under the older mortgages. We do not think that, under the facts of this case, plaintiff in error has any complaint justly founded, by reason of any instructions given by the court to the jury or his refusal to charge as requested by plaintiff.

Judgment affirmed.